UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CATHY CRISLER, ) | |
| ) | |
| Plaintiff, ) | CASE NO.  C06-0313-MJP-MJB |
| ) | |
| v. ) | REPORT AND |
| ) | RECOMMENDATION |
| LINDA S. MCMAHON, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Cathy Crisler appeals to the U.S. District Court from a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for Supplemental Income under Title XVI of the Social Security Act. For the reasons set forth below, it is recommended that the Commissioner's decision be REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

I.  PROCEDURAL HISTORY

Plaintiff protectively filed an application for Supplemental Security Income ("SSI") on March 11, 2002.  (Tr. 82-83.)   She alleges disability since September 1,

---

[1] Defendant substituted pursuant to F.R.C.P. 25(d)(1) and 42 U.S.C. § 405(g).  Linda S. McMahon became Acting Commissioner of Social Security on January 20, 2007.

REPORT AND RECOMMENDATION
PAGE - 1

1989, identifying her impairments as vasculitis, rheumatoid arthritis, incisional hernia, depression, asthma, and anxiety.  (Tr. 91.)  The Social Security Administration denied Plaintiff's application initially (Tr. 29, 31-31) and upon reconsideration (Tr. 30, 37-39). A hearing was held before Administrative Law Judge ("ALJ") Marguerite Schellentrager on September 8, 2004.  Plaintiff, who was represented by counsel, testified at the hearing.  (Tr 487-519.)  Dr. Wil Nelp, a medical expert ("ME"), also testified at the hearing.  (Tr. 519-534.)  The ALJ issued an unfavorable decision on December 4, 2004, finding that Plaintiff's impairments do not prevent her from performing her past relevant work, and thus, she is not under a disability as defined in the Social Security Act.  (Tr. 27.)  On January 28, 2006, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  (Tr. 6-9.)   Plaintiff timely filed her appeal with this Court.

## II.  BACKGROUND

Plaintiff was 47 years old at the time of the hearing before the ALJ.  (Tr. 487.) She has a GED education (Tr. 97), and she report her prior work as pizza delivery, cashier/clerk, and bank proof operator (Tr. 92).  Plaintiff also has a history of substance abuse.

## III.  THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the time relevant to this matter.  (Tr. 20, 27.)  The ALJ identified Plaintiff's severe impairments as connective tissue disorder with vasculitis, and substance abuse.  (*Id.*)  However, the ALJ determined, at step three, that these impairments do not meet or equal the criterial of any listing.  (*Id.*)  The ALJ found that Plaintiff has retained the residual functional capacity to perform sedentary work. (Tr.

26, 27.) In making this determination, the ALJ found that Plaintiff's statements concerning her impairments and the nature and extent of her limitations are not entirely credible in light of information contained in the medical reports and other evidence in the record. (Tr. 21, 27.) At step 4, the ALJ found that Plaintiff's impairments do not prevent her from performing her past relevant work as a bank 10-key proof operator. (Tr. 27.) Accordingly, the ALJ concluded that Plaintiff is not under a disability as defined in the Social Security Act. (*Id.*)

## IV.  STANDARD OF REVIEW

The court may set aside the Commissioner's denial of social security disability benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence is defined as more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion which must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

## V.  DISCUSSION

Plaintiff argues that the ALJ erred by: 1) finding that Plaintiff had past relevant work as a bank proof operator; 2) failing to apply the two-stage method for evaluating substance use set forth in *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001); 3) failing to follow the mandatory method for evaluating a mental impairment pursuant to

20 C.F.R. § 416.920a; and 4) failing to give clear and convincing reasons for rejecting treating rheumatologist Dr. Pollock's opinions. The Commissioner concedes the judgment to Plaintiff, arguing that the only issue is whether this Court should remand for further administrative proceedings or for a finding of disability.

This Court initially notes that contrary to the Commissioner's assertion that Plaintiff seeks reversal and remand for a finding of disability (*see* Dkt. 21 at 7), Plaintiff makes no such argument in either her opening or reply briefs. Rather, both parties agree that the Commissioner's decision must be reversed and remanded for further administrative proceedings pursuant to 42 U.S.C. § 405(g). (Dkt. #15 at 14; Dkt. #21 at 12.) Specifically, both parties appear to agree that: 1) the ALJ's step four finding was not correct; 2) the ALJ's disability determination incorrectly analyzed Plaintiff's substance abuse; 3) the ALJ should reevaluate the opinion of Plaintiff's treating rheumatologist, Dr. Scott Pollock; and 4) the ALJ should reevaluate lay witness statements.

The Commissioner further urges that, on remand, the ALJ should reconsider all medical source opinion evidence and obtain supplemental testimony from a medical expert; reassess Plaintiff's residual functional capacity; and re-evaluate the step four and five determination with the benefit of vocational expert testimony. (Dkt. #21 at 6-7, 12). Plaintiff does not object to such additional considerations by the ALJ on remand. However, she argues that since the Commissioner failed to address her arguments regarding use of the *Bustamante* method for evaluating substance abuse and the ALJ's failure to adhere to 20 C.F.R. § 416.920a in evaluating her mental impairments, this Court should order that the ALJ respect and follow *Bustamante* and the regulation on remand. Plaintiff also argues that this court should hold either that

REPORT AND RECOMMENDATION
PAGE - 4

she did not have past relevant work as a bank proof operator or, at a minimum, require the ALJ to expressly reconcile any finding that Plaintiff had past relevant work as a bank proof operator with her official earnings record.

This Court concurs that the two-stage *Bustamante* method and § 416.920a should be followed on remand. In *Bustamante*, the Ninth Circuit held that it is error for an ALJ to determine that a claimant's mental impairments are "the product and consequence of his alcohol abuse" prior to making a determination that the claimant is disabled under the five-step inquiry. *See Id.*, 262 F.3d at 954-55. Likewise, the regulation in question, which addresses the evaluation of mental impairments, expressly provides:

> [W]hen we evaluate the severity of mental impairments for adults . . . *we must follow a special technique at each level in the administrative review process*. We describe this special technique in paragraphs (b) through (e) of this section.

20 C.F.R. §416.920a (emphasis added).

This Court also agrees that Plaintiff's official earning statement supports her claim that she did not have past relevant work as a bank proof operator in 1989, as it shows that Plaintiff had no earnings in 1989. (Tr. 88-89). However, as the Commissioner correctly notes, Social Security Regulation 86-62 provides in pertinent part:

> While the regulations provide that a claimant/beneficiary's work experience is usually relevant when the work "was done within the last 15 years," in some cases, work performed prior to the 15-year period may be considered as relevant when a continuity of skills, knowledge, and processes can be established between such work and the individual's more recent occupations.

SSR 82-62, 1982 WL 31386, at *2 (S.S.A). Thus, this Court concludes that on remand, if the ALJ finds that Plaintiff has past relevant work as a bank proof operation, which was undisputably performed prior to the required 15-year period under 20 C.F.R.

REPORT AND RECOMMENDATION
PAGE - 5

416.965(a), the ALJ should expressly reconcile that finding with SSR 82-62.

Accordingly, upon remand, the ALJ is directed to: (1) reevaluate medical source opinion evidence, including but not limited to the opinions of treating rheumatologist Dr. Pollock; (2) consistent with 20 C.F.R. § 416.920a, evaluate Plaintiff's medically determinable mental impairments; (3) reevaluate Plaintiff's substance abuse using the two-stage *Bustamante* method; (4) reevaluate any lay witness statements; (5) reassess Plaintiff's residual functional capacity; (6) reevaluate the step four and step five determination with the benefit of vocational expert testimony; (7) expressly reconcile any finding that Plaintiff has past relevant work as a bank proof operator with SSR 82-62; (8) otherwise weigh all the evidence, including any new evidence submitted by Plaintiff or obtained by the ALJ, hold a new administrative hearing, and render a new decision.

## VI.  CONCLUSION

The Commissioner's determination to deny Plaintiff SSI benefits contains legal errors and is not supported by substantial evidence. Based on the record evidence, the undersigned recommends that the Commissioner's decision be REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings, including the steps set forth above. A proposed Order accompanies this Report and Recommendation.

DATED this 1st day of February, 2007.

MONICA J. BENTON
United States Magistrate Judge